IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*FILED*

APR 26 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

THIEN PHUC TRAN
TON HUYNH BUI

Criminal No. 22-115

**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Stephen R. Kaufman, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Wire Fraud Conspiracy<br><br>In and around December 2020 until in and around December 2021 | 18 U.S.C. § 1349 | Both |
| 2 | Money Laundering Conspiracy<br><br>In and around December 2020 until in and around December 2021 | 18 U.S.C. § 1956(h) | Both |

## II.  ELEMENTS OF THE OFFENSES

### A.      As to Count 1:

In order for the crime of Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1343, as described in the Indictment, was formed, reached, or entered into by two or more persons.

2.      At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

### B.      As to Count 2:

In order for the crime of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2.      That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.      That the defendant deliberately joined the conspiracy.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

### III.  PENALTIES

**A.      As to Count 1:  Wire Fraud Conspiracy (18 U.S.C. § 1349):**

1.      Imprisonment of not more than the maximum number of years prescribed for the offense which was the object of the conspiracy (18 U.S.C. § 1349);

2.      A fine not more than the greater of;

(a)      $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(b)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.      Any or all of the above.

**B.      As to Count 2:  Money Laundering Conspiracy (18 U.S.C. § 1956(h)):**

1.      A term of imprisonment of not more than twenty (20) years;

2.      A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3.      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

ROBERT S. CESSAR
Assistant U.S. Attorney
PA ID No. 47736

STEPHEN R. KAUFMAN
Assistant U.S. Attorney
PA ID No. 42108